UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Petitioner,

  v.

DOUG WADDINGTON,

    Respondent.

Case No. C04-5785FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**July 8th, 2005**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Dkt. # 11). Respondent has answered and petitioner has filed a traverse. (Dkt. # 29, 33). This matter is ripe for review.

### FACTUAL BACKGROUND

Petitioner is in the custody pursuant to a 1999 Lewis County conviction for one count of rape of a child in the second degree. On direct appeal the state court of appeals affirmed the conviction

REPORT AND RECOMMENDATION - 1

and sentence. (Dkt. # 30, Exhibit 2). The state supreme court denied review July 10th, 2001. (Dkt. # 30, Exhibit 3).

Over two years later, on October 2, 2003, Petitioner filed a personal restraint petition in the state court of appeals. The petition was dismissed as time barred pursuant to RCW 10.73.090. (Dkt. # 30, Exhibit 6). Discretionary review was denied by the state supreme court and a motion to modify that ruling was denied March, 2nd, 2004. (Dkt. # 30, Exhibit 7 and 8). The state court of appeals issued a certificate of finality March 15, 2004. (Dkt. # 30, Exhibit 9).

Petitioner filed a second personal restraint petition that was dismissed as time barred pursuant to RCW 10.73.090. (Dkt. # 30, Exhibit 11). The state supreme court agreed the petition was time barred and refused to accept discretionary review. (Dkt. # 30, Exhibit 12).

This petition followed and the action was commenced November 19th, 2004. (Dkt. # 1). Petitioner raises four issues and the respondents do not address any of the issues on the merits. Instead the respondent argues this petition is time barred pursuant to 28 U.S.C. § 2254 (b)(2). (Dkt. # 29, page 3).

## FACTS PERTAINING TO THE STATUTE OF LIMITATIONS ARGUMENT.

Petitioner's conviction became final for purposes of the statute of limitations, 28 U.S.C.§ 2244 (d)(1)(A), on October 8th, 2001. This is 90 days after the state supreme court denied review of the direct appeal. Petitioner had until October 8th, 2002 to file either a collateral state challenge to his conviction or sentence, or, he could file a federal habeas corpus petition.

Petitioner claims that from May 28th, 2002 until December 5th, 2002 he was denied access to a law library and his legal materials because he was in segregation. Assuming his contention to be true, he would be entitled to equitable tolling for the time period from May 28th, 2002 until December 5th, 2002. Prior to May 28th, 2002, 231 days of the 365 days he had to file a petition had run. In other words on May 28th, 2002 petitioner only had 134 day left to file a petition.

The statute began to run again on December 6th, 2002. The 134th day would have been April 18th, 2003. The petitioner did not fil a petition in either state or federal court until October 2nd, 2003. The statute of limitations had run 167 days prior to the filing of petitioner's first state personal

REPORT AND RECOMMENDATION - 2

restraint petition.

## DISCUSSION

A.  <u>One Year Limitation Period of 28 U.S.C. § 2244(d)</u>

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted above, the statute of limitation in this case ran and the last day for filing was April 18th, 2003.  Even with equitable tolling for the time petitioner claims he was denied access to a law library and his legal material this action is time barred.  Accordingly, this petition must be **DISMISSED**.  All other pending motions should be denied.

DATED this 10th, day of June, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3